UNITED STATES of America,

v.

Javier RIVERA.

Nos. Crim.A. 9940027NMG,
9940030NMG.

United States District Court,
D. Massachusetts.

June 16, 2000.

MEMORANDUM & ORDER

GORTON, District Judge.

On December 20, 1999 Javier Rivera ("Rivera"), who was charged in two indict-ments with participation in separate conspiracies to distribute cocaine, was released on conditions. On May 12, 2000 Magistrate Judge Charles B. Swartwood III found that while on release Rivera violated state law and the conditions of his release by using marijuana. The Magistrate Judge concluded, however, that Rivera did not pose a risk of flight or danger to the community and continued Rivera's release. Pending before this Court is a motion by the United States pursuant to 18 U.S.C. § 3145(a)(1) to revoke that release order.

■ A district judge is to engage in a *de novo* review of a contested release order issued by a magistrate judge. *See United States v. Tortora,* 922 F.2d 880, 883 n. 4 (1st Cir.1990). Where a person is charged with violating a condition of his release, the judicial officer hearing the charge shall enter an order of revocation and detention if, after a hearing, the judicial officer:

(1) finds that there is—

(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

(B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that—

(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

(B) the person is unlikely to abide by any condition or combination or conditions of release.

18 U.S.C. § 3148(b).

■ On March 31, 2000, Rivera appeared before the Magistrate Judge for a revocation of release hearing because he had violated his curfew. The Magistrate Judge amended Rivera's curfew and gave him a stern warning that any further

**160**

breach of his conditions would result in revocation of his release. Despite that warning, Rivera tested positive for the use of marijuana on April 11, 2000. Although Rivera blamed exposure to second-hand marijuana smoke, the level of THC measured in his blood clearly refuted his contention that second-hand smoke was to blame.

Rivera was scheduled to report to Pre–Trial Services for a drug test on Friday, May 5, 2000. He failed to report and left a message that a traffic accident had delayed the bus on which he was traveling but that he would report on May 8 (the *following Monday*). Although a Pre–Trial Services Officer confirmed the May 8th appointment, Rivera did not report to Pre–Trial Services on that day. Rivera agrees with the above statement of events occurring between March 31 and May 8, 2000 with the exception that he purportedly did not understand that he was required to report to Pre–Trial Services on May 8. After hearing the testimony of the Pre–Trial Services Officer who managed Rivera's case, this Court finds that Rivera did understand that he was required to report to Pre–Trial Services on that day.

The first prong for mandatory revocation of release under 18 U.S.C. § 3148(b) is satisfied because probable cause exists to believe that Rivera violated state law by possessing marijuana when he used it sometime prior to April 11, 2000. With respect to the second prong, because

(1) Rivera possessed and used marijuana not more than 10 days after he appeared at a first revocation hearing at which he received a stern warning from the Magistrate Judge that any further breach of his conditions would result in his detention and

(2) he failed twice to appear for a drug test scheduled with Pre–Trial Services,

this Court finds that Rivera is unlikely to abide by any condition or combination of conditions of release. Under 18 U.S.C. § 3148(b), revocation of release and detention are therefore required.

### ORDER

For the foregoing reasons, the United States' motion to revoke release order (Docket No. 73) is hereby ALLOWED.

**So ordered.**